### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

TYLER A. RUHL,

      Petitioner,

      v.                                  Case No. 23-3053-JAR

TOMMY WILLIAMS,

      Respondent.

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Tyler Ruhl's Amended Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 5), seeking federal habeas relief from state convictions under 28 U.S.C. § 2254. Petitioner seeks relief on the basis that he was denied the right to counsel by receiving ineffective assistance of appellate counsel who failed to raise an issue under *Faretta v. California*[1] on direct appeal. Respondent Tommy Williams filed an Answer and Return;[2] Petitioner filed a Traverse.[3] The petition is therefore fully briefed, and the Court is prepared to rule. After a careful review of the record and the arguments presented, the Court denies the petition.

### I.      Legal Standard

The Court reviews Petitioner's challenges to state court proceedings pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA "requires federal courts to give significant deference to state court decisions" adjudicated on the merits.[4] Under 28 U.S.C.

---

[1] 422 U.S. 806 (1975).

[2] Doc. 13.

[3] Doc. 17.

[4] *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013) (citation omitted).

§ 2254(d), a federal court may only grant habeas relief on a claim adjudicated on the merits in state court if a petitioner shows that the relevant state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]  This standard is "intentionally 'difficult to meet.'"[6]

Clearly established federal law "includes only 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions."[7]  A decision is an "unreasonable application" of clearly established federal law "must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice."[8]  A federal court must presume a state court's factual findings, including credibility findings, are correct, in the absence of clear and convincing evidence to the contrary.[9] The law "stops just 'short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'"[10]  Courts may not issue a writ of habeas corpus if "'fairminded jurists could disagree' on the correctness of [the state court's] decision."[11]  The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."[12]  Moreover:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by

---

[5] 28 U.S.C. § 2254(d)(1)–(2).

[6] *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)).

[7] *White*, 572 U.S. at 419 (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)).

[8] *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)).

[9] 28 U.S.C. § 2254(e)(1).

[10] *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

[11] *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

[12] *Id.* at 102 (citation omitted).

overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  This is especially true for claims of ineffective assistance of  counsel . . . .[13]

## II.    Factual and Procedural Background

The facts underlying Petitioner's convictions for attempted murder in the first degree, attempted aggravated robbery, and criminal possession of a firearm, are not germane to the issue before this Court, but were detailed in the Kansas Court of Appeals ("KCOA") decision on direct appeal.[14]  Petitioner was sentenced to a term of 661 months' imprisonment.  The KCOA affirmed the convictions and sentence.[15]  The Kansas Supreme Court denied review.

On August 6, 2020, Petitioner filed a motion for post-conviction relief under K.S.A. § 60-1507 in Sedgwick County District Court, raising four allegations of trial error, including that he was denied the right to represent himself under the Sixth Amendment.  The district court summarily denied his motion.  In his postconviction appeal to the KCOA, Petitioner argued the district court erred in summarily denying his K.S.A. § 60-1507 motion:

> Ruhl's allegations of error can be distilled down to two points.
> First, Ruhl argues the record shows he clearly and unequivocally
> asked to proceed pro se and that it was structural error for his
> request to be denied.  Second, Ruhl claims that because he was
> denied his right to self-representation, his appellate counsel in
> his direct appeal was ineffective for failing to raise the issue.[16]

Petitioner claims he invoked his right to self-representation in two colloquies with the trial court, which ignored his invocations.  The first colloquy was on August 22, 2014, during a

---

[13] *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 102–03).

[14] *See Kansas v. Ruhl*, No. 113,181, 2019 WL 638143 at *1–2 (Kan. Ct. App. Feb. 15, 2019).

[15] *Id.*

[16] *Ruhl v. Kansas*, No. 123,973, 2022 WL 1696450, at *2 (Kan. Ct. App. May 27, 2022), *review denied*, Sept. 30, 2022.

pretrial motions hearing.  Petitioner had filed a pro se motion requesting the trial court to remove

his counsel and appoint different counsel.[17]  At the hearing, Petitioner argued that he wanted a

new attorney; the trial court denied that motion.[18]  The trial court then turned to other pending

motions.  Right after the trial court ruled on the State's motion to declare a witness unavailable,

Petitioner asked if he could speak:

> "[RUHL]: [Judge] Bribiesca, Your Honor, could I have
> something to say?
>
> "THE COURT: No, sir. Have a seat, sir. You need to talk
> to your lawyer.
>
> "[RUHL]: Well, he don't talk to me.  *Can I be pro se?*
>
> "THE COURT: Sir, we're going to address these motions,
> okay?
>
> "[RUHL]: *This is crazy.  I have something to say about the*
> *motions, about this motion in particular.*
>
> "THE COURT: Tell your lawyer, he can—
>
> "[RUHL]: I have, and he ain't said nothing.
>
> "[RUHL'S COUNSEL]: I believe I'm speaking for my
> client, Your Honor.  Thank you.[19]

The second colloquy occurred on August 27, 2014, during the trial.  While the trial court

was making evidentiary rulings, Petitioner interjected:

> "[RUHL]: Can I have the record reflect that I need to go
> on the—
>
> "THE COURT: No, sir, sit down.  Sit down, sir.  Talk to your
> lawyer first before you say anything.
> "[RUHL]: I have.

---

[17] *Id.* at *3.

[18] *Id.*

[19] *Id.* (alterations and emphasis in original) (quoting Doc. 14-9 at 41:6–21).

"[THE STATE]: Your Honor, while [a witness' attorney] is talking to [the witness], could we perhaps deal with the—the juror issue that we discussed prior to lunch?

"THE COURT: Oh, yes.  We need to do that.

"[THE STATE]: Can we take care of that, sir?

"THE COURT: Yeah.

"[RUHL]: *So you're refusing my right to talk at my court date—*

"THE COURT: Sir, you need to talk to your lawyer—

"[RUHL]: Reflect that, please.

"THE COURT: —before you say anything.  All right?

"[RUHL]: All right.

"THE COURT: I won't put up with any disruption on your part.

"[RUHL]: Okay.

"THE COURT: You understand?

"[RUHL]: Yes, Your Honor."[20]

The KCOA affirmed the district court's summary dismissal of Petitioner's habeas motion, and the Kansas Supreme Court denied review.  The relevant state court decision as to Petitioner's ineffective-assistance claim is the KCOA decision denying state habeas relief under § 60-1507.

## II.    Discussion

### A.    Request for an Evidentiary Hearing

Petitioner requests an evidentiary hearing.  But his only claim of error arises under

---

[20] *Id.* (alterations and emphasis in original) (quoting Doc. 14-12 at 126:16–127:16).

§ 2254(d)(1), because it was adjudicated on the merits in state court and is based on Petitioner's

contention that the state court decision was "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States."

Federal habeas review under § 2254(d)(1) is "limited to the record that was before the state court

that adjudicated the claim on the merits."[21]  Therefore, Petitioner's motion for an evidentiary

hearing on his ineffective-assistance claim is denied.

### B. Ineffective Assistance of Appellate Counsel

In this federal petition for writ of habeas corpus, Petitioner raises one claim, that he "was

denied his Sixth Amendment right to the effective assistance of appellate counsel in failing to

raise a *Faretta* argument on direct appeal."[22]  Respondent concedes that Petitioner has exhausted

his state court remedies.  Therefore, the Court turns to the merits of this claim, which was

adjudicated on the merits by the KCOA.

The KCOA held that Petitioner did not receive ineffective assistance of appellate counsel

for failing to raise a *Faretta* claim because Petitioner failed to clearly and unequivocally invoke

his right to self-representation.[23]  This Court first asks whether the KCOA's decision was

contrary to established federal law concerning the right to self-representation.  It was not

contrary to established federal law.

In *Faretta v. California*,[24] the Supreme Court held that a defendant has the right to

represent himself in his criminal case.[25]  But the magnitude of the potential adverse

---

[21] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[22] Doc. 5 at 5.

[23] 2022 WL1696450, at *6.

[24] 422 U.S. 806 (1975).

[25] *Id*. at 836.

consequences flowing from self-representation and the danger of an inadvertent waiver of the important right to counsel, requires that a defendant first clearly and unequivocally invoke the right to self-representation.[26]  Only upon such a clear and unequivocal invocation must the court hold a hearing to conduct a thorough inquiry of the defendant to ensure that the defendant's waiver of counsel is knowing and intelligent.[27]  This is because "[w]ithout a clear and unequivocal request, the court would face a dilemma. . . . If the court determines that the defendant wants to proceed pro se, the defendant can assert a violation of the right to counsel; if the court provides counsel, the defendant can assert a violation of the right to proceed pro se."[28] The KCOA's decision recognized and applied this established federal law that a defendant must clearly and unequivocally invoke his right of self-representation.

This Court next asks whether the KCOA's decision, that Petitioner did not clearly and unequivocally invoke his right, was an unreasonable application of the law to the facts of this case or an unreasonable determination of facts in light of the evidence.  It was neither an unreasonable application of the law to the facts, nor an unreasonable determination of the facts. Petitioner never filed a written motion asking to represent himself.  Indicating he understood he could file motions pro se, he had filed a pro se motion seeking appointment of different counsel, which the court heard with other pending motions before trial.  Petitioner never orally moved to represent himself either.  Instead, Petitioner claims that the two colloquies with the court demonstrate a clear and unequivocal invocation of his right to represent himself.

---

[26] *United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000) (citations omitted).

[27] *Id.*

[28] *United States v. Simpson*, 845 F.3d 1039, 1047 (10th Cir. 2017) (citing *United States v. Miles*, 572 F.3d 832, 836 (10th Cir. 2009)).

In the first colloquy, during the pretrial motions hearing, Petitioner asked: "Can I be pro se?"[29]  Merely asking the question does not constitute an invocation of the right; it depends on the context.[30]  Here, Petitioner had just asked for appointment of new counsel earlier in the hearing, and the court had denied the request.[31]  Then, as the court was ruling on another pending motion, Petitioner interrupted the court to ask if he could speak to the court.  The court rejected that request, telling him to talk to his lawyer.  Petitioner protested that his lawyer would not talk to him, but then made it clear that he wanted to speak pro se "about the motions, about this motion in particular."[32]  At no time did Petitioner clearly and unequivocally state that he wanted to fully represent himself, without a lawyer.  At no time did he express dissatisfaction with his lawyer as a reason that he wanted to fully represent himself.  In fact, he in no way communicated a desire to proceed without counsel beyond arguing that particular motion.  A reasonable interpretation of Petitioner's request was that he wanted to essentially act as co-counsel and speak for himself on a particular motion.  But there is no right to act as co-counsel[33] and such a request could be reasonably interpreted as a request to do that rather than a request for self-representation without counsel.

In the second colloquy, during the trial, Petitioner again failed to clearly, and unequivocally invoke his right to self-representation.  Once again interrupting the court while it was ruling upon evidentiary objections, Petitioner asked to "have the record reflect that I need to

---

[29] *Ruhl v. Kansas*, No. 123,973, 2022 WL 1696450, at *3 (Kan. Ct. App. May 27, 2022), *review denied*, Sept. 30, 2022.

[30] *See Simpson*, 845 F.3d at 1048 (considering the defendant's statements "in context and . . . the inferences reasonably drawn by the district court.").

[31] *Ruhl*, 2022 WL 1696450, at *3.

[32] *Id*.

[33] *McKaskie v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. Hale*, 762 F.3d 1214, 1219 (10th Cir. 2014) (explaining that right to hybrid representation is within the court's discretion).

go on the—"[34]  The court again told him to talk to his lawyer and Petitioner protested, "you're refusing my right to talk at my court date."[35]  Again, a reasonable interpretation of Petitioner's remarks was that he wanted to speak for himself on some matter, not that he was asking to fully represent himself at trial without counsel.

Having determined that Petitioner failed to clearly, and unequivocally invoke the right of self-representation, the KCOA then concluded that appellate counsel did not render ineffective assistance in failing to raise this meritless issue on appeal.  Petitioner must show that appellate counsel should have raised this claim, and that it was ineffective under *Strickland v. Washington*,[36] to not raise the claim.

*Strickland* requires a showing by Petitioner that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced his defense.[37] Failure to satisfy either prong of the *Strickland* test is dispositive, and the Court can consider them in any order.[38]  Further, when reviewing an ineffective-assistance claim under § 2254(d), the Court applies a "doubly deferential" standard: it must determine whether the relevant state court decision was unreasonable in concluding that counsel's performance did not meet the deferential *Strickland* test.[39]  And under § 2254(d), which applies to these claims because they were adjudicated on the merits in the state court proceedings, "the question is not whether

---

[34] *Ruhl*, 2022 WL 1696450, at *3.

[35] *Id.*

[36] 466 U.S. 668 (1984).

[37] *Id.* at 687–88.

[38] *Littlejohn v. Royal*, 875 F.3d 548, 552 (10th Cir. 2017) (quoting *Strickland*, 466 U.S. at 697).

[39] *Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

counsel's actions were reasonable.  The question is whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard."[40]

The KCOA applied the *Strickland* test, and thus applied clearly established federal law on what constitutes ineffective assistance of counsel.  Moreover, the KCOA did not unreasonably apply *Strickland* to the facts of this case.  Rather, it considered Petitioner's statements, and the context of his statements during the two colloquies with the trial court, as well as other relevant occurrences before and during Petitioner's colloquies with the trial court.  The KCOA did not make an unreasonable determination of the facts but relied upon the actual words spoken and the context of those words during the two transcribed colloquies.  At no other time did the Petitioner speak words that could reasonably be interpreted as requesting or invoking a right of self-representation.

This Court thus agrees with the KCOA's decision that appellate counsel's performance did not fall below an objective standard of reasonableness.  Failure to raise a *Faretta* claim when the Petitioner did not clearly and unequivocally invoke the right of self-representation is not unreasonable.  In other words, failing to raise a meritless claim, is not objectively unreasonable.  For that reason, Petitioner did not receive ineffective assistance of appellate counsel.[41]

## III.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases requires the federal district court reviewing a habeas petition to "issue or deny a certificate of appealability when it enters a final

---

[40] *Grant v. Royal*, 886 F.3d 874, 903–04 (10th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

[41] The Court need not address the second prong of the *Strickland* test, which requires a showing of prejudice.  As the KCOA noted, if a defendant is improperly denied the right to self-representation, that is structural error that requires no showing of prejudice.  *See Ruhl v. Kansas*, No. 123,973, 2022 WL 1696450, at *6 (Kan. Ct. App. May 27, 2022), *review denied*, Sept. 30, 2022; *Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017) (explaining that a violation of a defendant's right to conduct his own defense is structural error).

order adverse to the applicant." Under U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner must demonstrate either that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that issues in the petition are "adequate to deserve encouragement to proceed further."[42] Moreover, a movant does not need to demonstrate his appeal will succeed to be entitled to a Certificate of Appealability, but must "prove something more than the absence of frivolity or the existence of mere good faith."[43]

For the same reasons explained above, the Court denies a certificate of appealability on the issue raised in Petitioner's habeas petition. His ineffective-assistance-of-counsel claim is plainly meritless.

**IT IS THEREFORE ORDERED BY THE COURT** that Tyler Ruhl's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 5) is **denied**. Petitioner is not entitled to a certificate of appealability.

**IT IS SO ORDERED.**

Dated: May 20, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[42] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

[43] *United States v. Williams*, 410 F. App'x 97, 99 (10th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)).